IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN BERRY,                              :
                                          :
                Petitioner,               :
                                          :
        v.                                :        Civil Action No. 20-1070-CFC
                                          :
JOHN SEBASTIAN, Bureau Chief,             :
Community Corrections, and                :
ATTORNEY GENERAL OF THE                   :
STATE OF DELAWARE,                        :
                                          :
                Respondents.[1]           :

_____

Kevin Berry. *Pro se* Petitioner.

Sean P. Lugg, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

_____

**MEMORANDUM OPINION**

June 20, 2023
Wilmington, Delaware

_____

[1]Petitioner was in custody in the State of Pennsylvania when he filed the instant Petition. During the pendency of this proceeding, Petitioner was transferred to the Plummer Community Correction Center in Wilmington, Delaware (*See e.g.* D.I. 16 at 3 (return address) and then released on supervised release. *See* https://vinelink.vineapps.com/person-detail/offender/28085922;tabIndexToSelect=0; Consequently, the Court has substituted Community Corrections Bureau Chief John Sebastian for Superintendent Dr. Robert Marsh, an original party to the case. *See* Fed. R. Civ. P. 25(d).

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner Kevin Berry's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2254. (D.I. 1) The State filed a Motion to Dismiss the Petition for lack of jurisdiction because the sole claim in the Petition is moot. (D.I. 26) For the reasons discussed, the Court will grant the Motion to Dismiss, and dismiss the moot Petition for lack of jurisdiction.

I.    BACKGROUND

On March 23, 2009, Petitioner pled guilty in the Delaware Superior Court to maintaining a vehicle for keeping controlled substances. (D.I. 26 at 2) The Superior Court immediately sentenced him to two years at Level V incarceration, suspended for 18 months in the Level III Reentry Program. (D.I. 22-6)

On August 3, 2009, Petitioner pled guilty in the Superior Court to three counts of first-degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), and second-degree conspiracy. (D.I. 26 at 3) The Superior Court sentenced him on November 16, 2009 to 21 years at Level V, suspended after 14 years for decreasing levels of supervision. (D.I. 22-8)

In 2018, while incarcerated in the Howard R. Young Correctional Institution in Wilmington, Delaware, Petitioner was disciplined twice and, as a consequence, lost 60 days of meritorious and statutory good time. (D.I. 1-1 at 4, 10; D.I. 21-4 at 1-2) At some point thereafter, Petitioner was transferred to a Pennsylvania state prison pursuant to an Intergovernmental Agreement for the Implementation of the Interstate Corrections Compact. (*See* D.I. 1-1 at 14-16); *see also* Intergovernmental Agreement for the Implementation of the Interstate Corrections Compact,

https://doc.delaware.gov/assets/documents/PADOC_Contract.pdf  It appears that the

Delaware Department of Correction ("DDOC") erroneously calculated Petitioner's good

time credit and thereby caused the Pennsylvania Department of Correction to

mistakenly believe that Petitioner had lost all of his earned good time in 2018, instead of

just the 60 days.  (*See* D.I. 1-1 at 14, 15, 18-21, 44; D.I. 21-4 at 1-2)  As a result,

Petitioner was scheduled to be released from prison on May 27, 2022, approximately

278 days later than he expected.  (D.I. 1-1 at 15)

In August 2020, Petitioner filed the instant habeas Petition seeking to have his

missing good time credit reinstated.  (D.I. 1 at 13)  On February 1, 2021, Petitioner sent

a letter to the Delaware Superior Court informing it of the DDOC's calculation error.

(*See* D.I. 22-2 at 4, Entry Nos. 25, 26)  The Superior Court requested a response from

the DDOC, which acknowledged the error and corrected it.  (*See* D.I. 22-2 at 4-5, Entry

Nos. 26 & 28)  Petitioner was released from prison to a Level IV program on August 25,

2021, and then released from Level IV to Level III probation on January 22, 2022.  (D.I.

21-5; D.I. 26 at 4)

On February 24, 2022, Delaware Probation and Parole issued an administrative

warrant for violation of probation ("VOP") for Petitioner after he was found in possession

of 4.2 grams of crack cocaine.  (*See* D.I. 21-6; D.I. 26 at 4)  Petitioner was

reincarcerated, but posted bail. (*See* D.I. 22-2 at 6-7; D.I. 26 at 4)  Petitioner did not

appear for his hearing on March 10, 2022, and the Superior Court issued a capias.

(See D.I. 22-2 at 7; D.I. 26 at 4)  According to Vinelink, Delaware's online inmate

locator, Petitioner's current custody status is "Supervised Custody" and his custody

detail is "Community Supervision."  *See*

https://vinelink.vineapps.com/search/persons;limit=20;offset=0;showPhotos=false;isParti

alSearch=false;siteRefId=DESWVINE;personFirstName=Kevin;personLastName=Berry;

stateServed=DE (last visited June 12, 2023)

## II.    ARTICLE THREE JURISIDCTION AND MOOTNESS

Pursuant to Article III, Section 2, of the United States Constitution, federal courts

can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*,

494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir.

2002) (finding that an actual controversy must exist during all stages of litigation).  The

"case-or-controversy requirement subsists through all stages of federal judicial

proceedings." *Lewis*, 494 U.S. at 477-78.

When a habeas petitioner challenges his underlying conviction, and he is

released during the pendency of his habeas petition, federal courts presume that "a

wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy

the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998);  *see Steele v.

Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001).  When, however, a petitioner

challenges his sentence rather than his conviction, the injury requirement is not

presumed. *See Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001)  In

such circumstances, the petitioner can only satisfy the case-and-controversy

requirement by proving that "he suffers a continuing injury from the collateral

consequences attaching to the challenged act"[1] "that is likely to be redressed by a

favorable judicial decision." *Spencer*, 523 U.S. at 7.  Consequently, in the absence of

continuing collateral consequences, a federal district court does not have jurisdiction to

---

[1] *Kissinger*, 309 F.3d at 181.

3

review moot habeas claims.  *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971)

("mootness is a jurisdictional question");  *Chong,* 264 F.3d at 383-84.

## III.   DISCUSSION

In his sole Claim for relief, Petitioner contends that his 278 days of good time

credit was "arbitrarily revoked in violation of the Equal Protection Clause and in violation

of Petitioner's due process rights." (D.I. 1 at 5)  He asserts that he did not learn of the

mistake until April 2019 when he was transferred to Pennsylvania State Correctional

Institution in Benner Township.  (*See id.* at 17-18; D.I. 1-1 at 14, 18)  Petitioner does not

contest the legality of his underlying convictions or sentences.  For relief, Petitioner asks

that all his good time credit be restored.  (D.I. 1 at 13)

The State concedes that Petitioner's "good time was mistakenly rescinded

(except for the [60] days revoked as a result of [his] 2018 disciplinary proceedings)," but

asserts that the "mistake has since been corrected, the goodtime was reinstated, and

[Petitioner] has been released." (D.I. 26 at 5)  The record demonstrates that Petitioner

has been credited with his goodtime credits, and both the record and the Delaware

Inmate Locator indicates that Petitioner has been released.  Petitioner does not

challenge the calculation and application of his goodtime credits since their

reinstatement, nor does he indicate the existence of any other redressable injury.  Given

these circumstances, the Court concludes that the instant Petition is moot.  *See*

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) (stating that "[i]f

developments occur during the course of adjudication that eliminate a [petitioner's]

personal stake in the outcome of a suit or prevent a court from being able to grant the

4

requested relief, the case must be dismissed as moot"). Accordingly, the Court will dismiss the instant Petition for lack of jurisdiction.

## IV.   CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack,* 529 U.S. at 484. The Court will not issue a certificate of appealability because reasonable jurists would agree that the instant Petition is moot.

## V.   CONCLUSION

For the reasons discussed above, the Court will deny the instant Petition for lack of jurisdiction. The Court will issue an Order consistent with this Memorandum Opinion.

5